Jared P. Pearson (12200)
PEARSON LAW FIRM, PLLC
9192 South 300 West, Suite 35
Sandy, Utah 84070
Tele: (801) 888-0991
jared@pearsonlawfirm.org
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL EDLER, | ) | |
| | ) | COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | Judge: |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MICHAEL EDLER ("Plaintiff"), through his attorneys, alleges the following against Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

1

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Centerville, Davis County, State of Utah.

5. Plaintiff is a consumer as that term is defined by the FDCPA.

6. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

7. Defendant is a debt collector as that term is defined by the FDCPA.

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency headquartered in Hutchinson, Kansas.

10. Defendant is engaged in the collection of debt within the State of Utah.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, collectors, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a consumer debt from Plaintiff originating with Cash Central.

16. The alleged debt at issue arises from transactions for personal, family, and household purposes.

17. Within the past year of Plaintiff filing this Complaint, Defendant placed collection calls to Plaintiff's telephone at xxx-xxx-5571 in an attempt to collect the alleged debt.

18. Defendant calls Plaintiff from 385-213-8849, which is one of Defendant's telephone numbers.

19. Plaintiff does not owe the alleged debt Defendant seeks to collect.

20. On several occasions since Defendant began calling Plaintiff, Plaintiff has answered Defendant's collection call and has spoken with Defendant's collector.

21. On several occasions since Defendant began calling Plaintiff, Plaintiff has orally disputed owing the alleged debt and has requested for Defendant to stop calling him.

22. On or around February 26, 2019, Plaintiff faxed a police report to Defendant as further evidence that Plaintiff does not owe the alleged debt.

23. Despite the foregoing, Defendant continued to place collection calls to Plaintiff's telephone unabated.

24. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

25. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant placed calls to Plaintiff to collect a debt not owed by Plaintiff, when Defendant placed calls to Plaintiff after Plaintiff requested for Defendant to stop calling him and when Defendant

    continued to do so after Plaintiff provided Defendant with documentation showing that he does not owe the debt;

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him;

c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant attempted to collect a debt from Plaintiff that he does not owe;

d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant attempted to collect a debt from Plaintiff that he does not owe;

e. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff orally disputed owing the debt – and continued to do so after Plaintiff provided Defendant with documentation showing that he does not owe the debt;

f. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff orally disputed owing the debt – and continued to do so after Plaintiff

      provided Defendant with documentation that he does not owe the alleged debt; and

  g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, MICHAEL EDLER, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

27. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

29. Any other relief that this Honorable Court deems appropriate.

                                  RESPECTFULLY SUBMITTED,

DATED: March 20, 2019        By: /s/ Jared P. Pearson
                                        Jared P. Pearson (12200)
                                        PEARSON LAW FIRM, PLLC
                                        9192 South 300 West, Suite 35
                                        Sandy, Utah 84070
                                        Tele: (801) 888-0991
                                        jared@pearsonlawfirm.org
                                        Attorney for Plaintiff